UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ISAAC MIKE ABERGEL,

     Plaintiff,

  - against -

MIAMONIDES HOSPITAL,

     Defendant.
----------------------------------------------------------x
ISAAC MIKE ABERGEL,

     Plaintiff,

  - against -

PROFESSIONAL CLAIMS BUREAU, INC.,

     Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-4260 (PKC) (PK)

19-CV-4261 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Isaac Mike Abergel ("Plaintiff") commenced the above-captioned *in forma pauperis* actions in the form of two separate complaints brought against Defendants Miamonides Hospital and Professional Claims Bureau, Inc., respectively. The actions are consolidated solely for the purpose of this Order. By orders dated July 17, 2019, the actions were transferred from the U.S. District Court for the Southern District of this New York to this Court. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1985. For the following reasons, the Court dismisses both of Plaintiff's complaints, but grants Plaintiff leave to file a single amended complaint in case No. 19-CV-4261 within the next 30 days.

1

## BACKGROUND

Plaintiff's complaints allege as follows.[1] In the first action, *Abergel v. Miamonides Hospital*, No. 19-CV-4260 ("Complaint #1"), Plaintiff attaches a bill for $850.00 related to medical care provided by a physician named Judy Lin at Miamonides Hospital. (Complaint ("Compl.") #1, Dkt. 2, at 6.) In the second complaint, *Abergel v. Professional Claims Bureau, Inc.*, No. 19-CV-4261 ("Complaint #2"), Plaintiff attaches a bill for $175.00 related to medical care provided by a physician named Bruce Denny at Miamonides Hospital. (Compl. #2, Dkt. 2, at 5.) Both statements are dated June 14, 2019 and were sent to Plaintiff by Defendant Professional Claims Bureau, Inc. (Compl. #1, Dkt. 2, at 6; Compl. #2, Dkt. 2, at 5.) The statements identify Defendant Miamonides Hospital as the creditor and the date of service as December 9, 2018. (*Id.*) The statements inform Plaintiff that (1) his account "has been referred to [Defendant Professional Claims Bureau, Inc.'s] offices by the creditor" Defendant Miamonides Hospital; (2) "[t]here is a good chance that this balance represents a balance after insurance or a balance that [Plaintiff's] insurance carrier has denied for some reason"; (3) if Plaintiff "dispute[s] the validity of this debt or any portion thereof" he may notify Defendant Professional Claims Bureau, Inc. within thirty days and they will "obtain verification of the debt" and mail a copy to him; and (4) if he does not notify "this office within 30 days after receiving this notice that [he] dispute[s] the validity of this debt or any portion thereof, this office will assume this debt is valid." (*Id.*)

In both complaints, Plaintiff alleges fraud and identity theft and seeks damages. (Compl. #1, Dkt. 2, at 4; Compl. #2, Dkt. 2, at 3.)

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint.'" *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Moreover, "[a] complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (quotations omitted).

## DISCUSSION

### I. Fair Debt Collection Practices Act Claims

The Court liberally construes Plaintiff's complaints as alleging claims under the Fair Debt Collection Practices Act ("FDCPA"). "The FDCPA gives the consumer the right to dispute a debt claimed by a debt collector." *Papetti v. Rawlings Fin. Servs., LLC*, 121 F. Supp. 3d 340, 348 (S.D.N.Y. 2015) (quotation omitted). "In the Second Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019)

(quotations omitted). Application of the "least sophisticated consumer" standard requires "an objective analysis that seeks to protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quotations and citations omitted).

Relevant here is 15 U.S.C. § 1692g, the FDCPA provision that addresses notice of the opportunity to challenge the validity of the debt. Section 1692g "was enacted to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010) (quotation omitted). The subsection of the FDCPA that establishes the notice-of-debt requirement provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). If the consumer provides a dispute notice to the debt collector in writing "within the thirty-day period" allotted by the FDCPA, the debt collector must "cease collection." *Id.* § 1692g(b). The debt collector may then resume collection activities only after it has obtained verification of the debt and has mailed a copy of the verification ot the consumer. *Id.* If, however, the consumer does not provide a dispute notice to the debt collector within the allotted time period, the debt collector may proceed with collection efforts. *Id.*

A. **Defendant Maimonides Hospital**

Plaintiff's FDCPA claims against Defendant Maimonides Hospital must be dismissed. "Because the FDCPA expressly limits its application to debt collectors, not creditors, [Defendant Maimonides Hospital] is not a proper party to this action" and this action is therefore dismissed as to it. *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005).

B. **Defendant Professional Claims Bureau, Inc.**

As to Defendant Professional Claims Bureau, Inc., the Court concludes that Plaintiff fails to state an FDCPA claim, because the notices of debt are facially compliant with § 1692g and Plaintiff does not allege that he ever contacted Defendant Professional Claims Bureau, Inc. to dispute the debt within the thirty-day period provided for in the statements. Each of the notices informed Plaintiff of his right to dispute the debt before payment and to seek verification of the validity of the debt. (*See* Compl. #1, Dkt. 2, at 6; Compl. #2, Dkt. 2, at 5.) The statements plainly and clearly communicated to Plaintiff that he could contact Defendant Professional Claims Bureau, Inc.—a debt collector—to dispute the debts owed or to seek verification of the validity of the debt. (*Id.*) The statements additionally provided that, should Plaintiff fail to contact Defendant Professional Claims Bureau, Inc. within the thirty-day period, the validity of the debt would be assumed. (*Id.*)

5

The FDCPA requires no more of a debt collector. The Court finds the facts in *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85 (2d Cir. 2008), analogous. In that case, the Second Circuit reasoned:

> The letter sent by [defendant-debt collector] to [plaintiff-consumer], though it demanded payment, adequately explained that the recipient had the right to seek verification of the debt. It presented [plaintiff-consumer] with two alternate ways of avoiding 'further action': either pay the debt 'within 30 days,' or submit a notice of dispute, 'within 30 days.' This right to seek validation of the debt was further explained, not on the back of the demand letter, but on its face, below the initial statement, and in clear terms. *In these circumstances, even the least sophisticated debtor would understand that she had the option to submit a notice of dispute, rather than pay the claimed sum.*

*Id.* at 92 (emphasis added).

Therefore, Plaintiff's FDCPA claims are dismissed. However, Plaintiff is granted leave to file an amended complaint to allege that he disputed or sought verification of the validity of the debt with Defendant Professional Claims Bureau, Inc., if he did in fact do so, and that Defendant Professional Claims Bureau, Inc. thereafter did not comply with the requirements of Section 1692g(a). *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quotation omitted)).

**II.    State Law Claims**

Plaintiff's complaints reference fraud, which is a cause of action under state—not federal—law.[2] *See Holtzman v. Anti-Defamation League of B'Nai B'Rith*, No. 02-CV-1338 (DLC), 2002

---

[2] Plaintiff's allegations of "'identity theft' . . . are improperly based on alleged violations of federal and state criminal laws." *Senese v. Hindle*, No. 11-CV-72 (RJD) (RLM), 2011 WL 4536955, at *11 (E.D.N.Y. Sept. 9, 2011), *report and recommendation adopted*, 2011 WL 4529359 (E.D.N.Y. Sept. 28, 2011). Any claim of "identity theft" is therefore dismissed.

WL 1870133, at *1 (S.D.N.Y. Aug. 14, 2002) (noting that there is no "federal claim for generalized bias, fraud, negligence, or 'entrapment'"). Having dismissed Plaintiff's sole federal claim, the Court "declines to exercise supplemental jurisdiction" over any claims Plaintiff advances that arise under state law. 28 U.S.C. § 1367(c)(2); *see Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (quotation omitted)). However, should Plaintiff successfully allege, in an amended complaint, an FDCPA claim, the Court may revisit its decision not to exercise supplemental jurisdiction over Plaintiff's fraud claims against Defendant Professional Claims Bureau, Inc.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as Complaint #2, No. 19-CV-4261 (PKC) (PK). No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. Because the Court has dismissed Defendant Miamonides Hospital, the sole defendant identified in Complaint #1, the Clerk of Court is respectfully directed to enter judgment in Case No. 19-CV-4260 and close that case.

Plaintiff is warned that failure to submit his amended complaint by the deadline will result in dismissal of Case No. 19-CV-4261. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 13, 2019
      Brooklyn, New York